IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMION ELLERBY, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LEHIGH COUNTY PRISON, *et al.*, | : | NO. 20-1330 |
|     Defendants. | : | |

## MEMORANDUM

PRATTER, J.                                                                                                                                                                                  APRIL 17, 2020

Plaintiff Damion Ellerby, an inmate currently confined at Lehigh County Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983. Mr. Ellerby challenges a statement made following a strip search conducted at the Lehigh County Prison, and names the following as defendants: Lehigh County Prison and prison employees Correctional Officer M. Jordan, Lieutenant Donate, Sergeant Schreck, and Cliff Knapenbuger.[1] Mr. Ellerby seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant him leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**I.    FACTUAL ALLEGATIONS**

Mr. Ellerby alleges that on January 10, 2020, following his involvement in a fight, he was "escorted to the hole" by Correctional Officer M. Jordan who conducted a strip search. (ECF

---

[1] Defendant Knapenbuger's name is not spelled consistently. In the caption of Mr. Ellerby's Complaint his name appears as "Knapenbuger." It is also spelled as "Knapenburger" (ECF No. 2 at 1, 4) and "Knappenberger." (*Id.* at 7.) He is identified as an Investigator for the Lehigh County Department of Corrections and all iterations of the spelling appear to refer to the same person. (*Id.* at 7.) The Court will use the spelling from the caption.

1

No. 2 at 3, 5.)[2] Mr. Ellerby told Officer Jordan during the strip search that he "pass[ed] gas after the fight and it was a wet gas movement." (*Id.* at 3.) Officer Jordan responded that "he didn't care" and proceeded with the strip search. (*Id.*) Defendant Schreck was present during the search. (*Id.*) Following the strip search, Officer Jordan allegedly "went back to [Mr. Ellerby's] housing until and told other inmates that [he] shitted on [himself]." (*Id.*) Mr. Ellerby avers that this statement violated his rights to a private strip search. (*Id.*) Mr. Ellerby seeks the removal of Officer Jordan and $5 million "for violating [his] rights demeaning [him] as a person and sexually harassing [him] by discussing [his] strip search with others." (*Id.*)

A review of public dockets reflects that Mr. Ellerby is awaiting trial in the Lehigh County Court of Common Pleas on charges of aggravated and simple assault, harassment, and criminal mischief. *See Commonwealth v. Ellerby*, Docket Nos. CP-39-CR-00036515-2019 and CP-39-CR-00036516-2019.

## II. STANDARD OF REVIEW

The Court will grant Mr. Ellerby leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss a Complaint if it is frivolous or it fails to state a claim. A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under §

---

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

[3] However, because Mr. Ellerby is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Because As Mr. Ellerby is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (the personal involvement of each defendant in the alleged constitutional violation is a required element and a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims). Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

#### A. Claims Against Lehigh County Prison

Mr. Ellerby includes the Lehigh County on the initial page of his complaint but he does not refer to it in the body of his pleading. Even if he did, any § 1983 claims against Lehigh County Prison must be dismissed as frivolous because a prison is not a "person" amenable to suit under Section 1983. *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL

3

4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976). Mr. Ellerby's allegations against the Lehigh County Prison will be dismissed with prejudice.

### B. Claims Against Defendant Schreck

Mr. Ellerby includes a claim against Sergeant Schreck, but only alleges that Schreck was present during the strip search. (ECF. No. 2 at 3.) Sgt. Schreck's presence at the scene of the strip search, without more, is insufficient to state a plausible claim against him under § 1983. *See Calvi v. Knox Cty.*, 470 F.3d 422, 428 (1st Cir. 2006) (officer's "mere presence at the scene, without more, does not by some mysterious alchemy render him legally responsible under section 1983 for the actions of a fellow officer"); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 352 (6th Cir. 1984) (stating that "[a]s a general rule, mere presence at the scene of a search, without a showing of direct responsibility for the action, will not subject an officer to liability"); *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008) (holding that supervisory § 1983 liability under a personal involvement theory requires something more than mere presence at the scene where subordinates allegedly violated the plaintiff's constitutional right). Accordingly, the claim against Sgt. Schreck must be dismissed under § 1915(e)(2)(B)(ii).

### C. Claims Against Defendants Lt. Donate and Knapenbuger

Mr. Ellerby names Lieutenant Donate as a defendant, but there are no factual allegations that Lt. Donate was involved in the strip search. Rather, it appears from the attachments to Mr. Ellerby's Complaint that Lt. Donate signed off as the "Grievance Coordinator" on Mr. Ellerby's inmate grievances concerning the January 10, 2020 strip search. (ECF No. 2 at 2, 5-6.) Mr. Ellerby asserts that he included Mr. Knapenbuger as a defendant because "he never took the time to look into the situation" alleging that Mr. Knapenbuger "cover[ed] up for the guards" and cited

4

Mr. Ellerby "with a formal misconduct to shut [him] up." (ECF No. 2 at 4.) It appears from the attachments to the Complaint that Mr. Ellerby directed an "Inmate's Request to Staff" to Knapenbuger dated February 13, 2020. (*Id.* at 7.) In response, Mr. Knapenbuger advised Mr. Ellerby that his office was not part of the grievance procedure. (*Id.*) Mr. Ellerby alleges that Mr. Knapenbuger was under a conflict of interest with respect to the denial. (*Id.*)

To the extent that Mr. Ellerby alleges a violation of his rights with respect to the denial of his grievance, the claim is not plausible. "Prison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Because there is no right to a grievance process at all, a claim pursuant § 1983 based on the mishandling of a grievance cannot persist. Accordingly, the claims against Lt. Donate and Mr. Knapenbuger based on grievances is dismissed with prejudice under § 1915(e)(2)(B)(ii). To the extent the claim against Mr. Knapenbuger is based upon his charging Mr. Ellerby with a "formal misconduct to shut [him] up," it is well-established that "[t]he filing of a false misconduct report does not violate an inmate's due process rights." *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 702 (M.D. Pa. 2015); *see also Tolbert v. Ellenberger*, 2019 WL 3193678, at *2 (M.D. Pa. June 17, 2019) ("[A]n inmate cannot state a due process claim based solely on the filing of an allegedly false misconduct report.") (collecting cases). Due process simply requires "the opportunity to be heard and defend against the allegedly false misconduct report."[4] *Tolbert*, 2019 WL 3193678, at *2 (citing *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002)).

---

[4] Where a false misconduct report is allegedly filed in retaliation for constitutionally protected conduct, "[a] prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Mitchell v. Horn*, 318 F.3d 523,

5

### D. Claims Against Defendant Jordan

Mr. Ellerby requests damages based on a statement allegedly made by Officer Jordan following completion of the strip search. (ECF NO. 2 at 3.) Mr. Ellerby avers that the discussion of his strip search by Officer Jordan to others caused him to feel sexually harassed and demeaned as a person. (*Id.*) Notably, Mr. Ellerby does not allege that the strip search itself violated his constitutional rights.

The Prison Litigation Reform Act of 1995 ("PLRA"), provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." *See Marrow v. Pennsylvania*, Civ. A. No. 18-0931, 2018 WL 4963982, at *4 (M.D. Pa. Oct. 15, 2018) (quoting 42 U.S.C. § 1997e(e)). The term "sexual act" is defined as contact between the penis and vulva or anus; contact between the mouth, and penis, vulva or anus; the penetration of the anal or genital opening of another; or the intentional touching of the genitalia of another person. 18 U.S.C. § 2246(2). In order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate less than significant, but more than a *de minimis* physical injury. *See* 42 U.S.C. § 1997e(e); *see also Mitchell v. Horn*, 318 F.3d 523, 535 (3d Cir. 2003).

Mr. Ellerby fails to allege either a physical injury resulting from the strip search or anything constituting a "sexual act" under 18 U.S.C. § 2246(2). Because Mr. Ellerby has not

---

530 (3d Cir.2003) (internal quotation and citation omitted); *Thomas v. McCoy*, 467 F. App'x 94, 96 (3d Cir. 2012) (same). Because there is no constitutionally protected right to file a grievance, this aspect of Mr. Ellerby's claim is also implausible.

6

suffered a physical injury or a commission of a sexual act as a result of the strip search, he is unable to recover monetary damages based on alleged emotional injury he suffered as a result of Defendant Officer Jordan telling others about the search. This portion of his claim will be dismissed. *See Eby v. Karnes*, Civ. A. No. 19-2069, 2020 WL 1550634, at *3-4 (M.D. Pa. Apr. 1, 2020).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Ellerby leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Mr. Ellerby will not be permitted to file an amended complaint because the Court concludes that amendment would be futile. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.